Circuit Court of Cuyahoga County.

THE WHITE SEWING MACHINE COMPANY v. MRS. IDA BREDE.

Decided, June 28, 1910.

*Vacation of Judgment During Term—Discretion of Court—Negligence of Counsel.*

The vacation of a judgment during term is within the discretion of the court and it is not an abuse of such discretion to refuse to vacate a judgment where the only ground for vacation is that counsel were negligent in attending to the trial of the case.

*M. B. & H. H. Johnson,* for plaintiff in error.
*Hidy, Klein & Harris,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

We have here the review of the action of the common pleas court in overruling a motion of plaintiff in error filed November 1, 1909, to vacate a judgment of that court in favor of Mrs. Brede and against the company, rendered September 20, 1909, which recites that "the parties come, waive a jury and submit this cause to the court on the pleadings and evidence; on consideration thereof, the court find for the plaintiff and assess her damages in the sum of sixty-five dollars ($65)," etc.

It is conceded that this motion was addressed to the sound discretion of the court, but it is said that the court abused its discretion.

According to the bill of exceptions the only evidence heard on the motion was the affidavit of one William W. Chase and the exhibit attached thereto.

That affidavit undertakes to contradict the journal on the point that the parties came and waived a jury, but the contradiction is argumentative and of little weight, seeming to rest upon the affiant's statement that no notice of the hearing was given the company, but no affidavit of the regular counsel of the company is filed.

This *ex parte* statement must necessarily be based largely upon hearsay evidence.

It further appears from the affidavit that Chase had charge of the case when it began in a justice court, and saw to it that a transcript for appeal was filed in the common pleas court, after judgment had been rendered by the magistrate against the company.

The affiant then states that it was his custom to notify the company's attorneys, M. B. & H. H. Johnson, to take care of cases appealed to the common pleas court, and that he was under the impression that he had done so in this case, but thinks that through some oversight or some miscarriage of the mail, said firm of lawyers never received the notice.

If Chase failed to notify the Johnsons, his negligence is no ground for vacating the judgment; if he did notify them and through some oversight they failed to attend to the case, their negligence is no ground for vacating the judgment.

In the absence of a statement from Chase that he did mail notice to the Johnsons and a statement from them that they never received such notice, the proof is too uncertain to entitle anybody to affirmative relief. The trial court was left to guess how the inattention to the case came about and whose fault it was. He refused to guess on the subject and left the judgment standing.

This was his duty, in the absence of preponderating evidence for the company, and his judgment is affirmed.